CANDAL ET AL., PLAINTIFFS AND APPELLEES, *v.* VARGAS ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Humacao in an Action
Contesting an Election.

No. 2430.—Decided May 20, 1921.

ELECTION CONTEST—OFFICIAL BOND.—The elected candidates being under no obligation to give the bonds required by the Act of 1906 until January 20, 1921, in order to occupy the offices to which they were elected, it is necessary to conclude that they were not under the obligation to furnish such bonds in order to take possession of the offices on the 10th of January, 1921, the date fixed by the Municipal Law for the inauguration of the officers elected on November 2, 1920. It was only after January 20, 1921, that the contestees could not continue in office without giving bond unless the contestants had furnished none within the ten days allowed by law.

The facts are stated in the opinion.

*Messrs. L. Feliu* and *J. Soto Rivera* for the appellants.

*Mr. R. Cuevas Zequeira* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

According to the Act of March 7, 1906, for contesting elections, the defendants may occupy the contested offices if they give bonds within twenty days after being summoned in the action of contest; otherwise the plaintiffs may give such bonds and take possession of the offices in controversy, but if they do not, then the defendants have the right to continue in the offices.

In this case the defendants were summoned on December 31, 1920, in the action contesting their election as members of the municipal assembly of Fajardo, the election having been held on November 2, 1920, and, in accordance with the Municipal Law, the persons elected as members of the municipal assembly should take possession of their offices on January 10, 1921.

Two days before that date the plaintiffs moved the lower court to enjoin the defendants from taking possession of their offices without giving the bonds to which the Act for contesting elections refers and the court having sustained the mo-

tion on the same day, without hearing the defendants, the defendants moved the court later to set aside its said order. The motion was overruled and they took the present appeal from that ruling.

We agree with the appellants that as the twenty days allowed the plaintiffs by law within which to give bonds in order to hold the offices to which they were elected pending the adjudication of the contest had not elapsed when the restraining order was granted, the court erred in enjoining them before the expiration of that time, for they were under no obligation to give bonds in order to hold their offices during the said twenty days. What they could not do after that time was to continue holding the offices without giving bonds, unless the plaintiffs failed to give such bonds within the ten days fixed by law.

Moreover, the complaint in the action contesting the election of the defendants, on which the motion and restraining order were based, does not allege facts sufficient to constitute a cause of action, as we held to-day in an action between the same parties to this appeal.

The order refusing to set aside the restraining order, and the restraining order itself, are

*Reversed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.